I am not prepared to hold that the savings statute always complies with equal protection of the law and due process of law. In certain circumstances, such as where parties have a very limited time to refile a complaint after a dismissal, an appellate court might find a constitutional problem. For instance, an appellate court might find no rational reason for allowing a full year for refiling a lawsuit dismissal a day after the statute had run, but only days or hours for refiling a case dismissal shortly before the running of a statute of limitations.
In the present case, however, counsel had over six months to refile the complaint between the dismissal in Monroe County on February 4, 1997, and the expiration of the two-year statute of limitations on August 10, 1997. For some reason, counsel did not refile the complaint until December of 1997. Given the time available for refiling, I cannot find the existence of a due process or equal protection problem.
Because of counsel's failure to refile the complaint in a timely fashion, the original defendants are now relieved from financial responsibility and the attorneys who represent the plaintiffs now must assume responsibility for assuring that their clients are compensated. This is a harsh result, but the only result permissible under the clear language of the statute.
I also concur separately because I am slow to cite as precedent a portion of a dissenting opinion from a case in the Supreme Court of Ohio, especially when the legal proposition set forth in the dissenting opinion is regularly rejected by the majority of the Supreme Court of Ohio.
The Ohio General Assembly may act for plausible reasons, but still violate the Ohio Constitution. Both the courts and the legislature are required to honor and uphold the Constitution of the United States and the Constitution of the State of Ohio. When the legislature fails in its duties in that regard, the courts must still fulfill their duty to uphold the constitutions. Our inquiry must not end until the constitutions have been accorded their proper respect, as opposed to being viewed as technicalities which hinder the pursuit of business as usual. In short, I disagree both with the methodology of using a dissenting opinion as legal precedent and the context of the particular legal proposition cited from that dissent.
Still, I believe that the trial court reached the correct result in this case. I, therefore, concur separately.